UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROY J. DESMORE, et al.**     **CIVIL ACTION**

**VERSUS**     **NO. 14-2198**

**BAKER HUGHES OILFIELD**     **SECTION "G"(5)**
**OPERATIONS, INC., et al**     *Flag Section "C"*

## ORDER AND REASONS

Presently pending before the Court is Defendant Ensco Offshore Company's ("Ensco") "Motion for Summary Judgment."[1] Plaintiffs Roy J. Desmore ("Desmore") and Lillian Desmore (collectively "Plaintiffs") oppose the motion. Having reviewed the motion, the memorandum in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

### A.   *Factual Background*

In their complaint, Plaintiffs allege that Desmore was a Jones Act Seaman employed by Defendant Baker Hughes Oilfield Operations, Inc. ("BHOOI") "as a crew member assigned to a vessel in navigable waters as a wire line operator, and further, performed duties in this capacity that directly related and contributed to the accomplishment of the function, mission, and purpose [of the vessel,] the Ensco 87."[2] BHOOI was providing "Pipe Conveyed Logging wireline services" aboard the Ensco 87, a "jackup drilling rig."[3] Plaintiffs allege that Desmore was injured on the Ensco 87 "when a side entry sub clamp failed," causing a cable to slip and trapping his left hand

---

[1] Rec. Doc. 90.
[2] Rec. Doc. 1 at 3.
[3] *See* Rec. Doc. 90-1 at 1–2.

1

between the wire line and a sheave.[4] This accident caused two of Desmore's fingers to be amputated and left him with permanent hand damages.[5]

## B.   *Procedural Background*

Plaintiffs filed a complaint on September 23, 2014, against BHOOI, Desmore's employer, and National Oilwell Varco, L.P. ("Varco"), the manufacturer of the side entry sub clamp that Plaintiffs allege failed and injured Desmore.[6] On September 29, 2014, Varco filed an answer.[7] On October 16, 2014, BHOOI filed an answer.[8] "On January 21, 2015, with leave of Court, Plaintiffs filed an amended complaint, adding claims against Ensco, the owner of the Ensco 87.[9] On March 10, 2015, Ensco filed an answer.[10] On May 5, 2015, with leave of Court, ACE American Insurance Company filed a "Complaint of Intervention."[11] That same day Plaintiffs filed a second amended complaint.[12]

On June 26, 2015, BHOOI filed a motion for summary judgment.[13] On August 13, 2015, Plaintiffs filed a cross-motion for summary judgment.[14] At issue in the two motions was whether or not Desmore qualifies as a seaman under the Jones Act. On January 20, 2016, the Court ruled on the two motions, conducting the two-prong *Chandris* analysis used by courts to determine whether or not a plaintiff has seaman status.[15] In the ruling, the Court concluded that, with no genuine dispute of material fact, Desmore met the first prong of *Chandris*, because Desmore

---

[4] *Id.* at 4.
[5] *Id.*
[6] Rec. Doc. 1.
[7] Rec. Doc. 12.
[8] Rec. Doc. 16.
[9] Rec. Doc. 34.
[10] Rec. Doc. 38.
[11] Rec. Doc. 51.
[12] Rec. Doc. 53.
[13] Rec. Doc. 58.
[14] Rec. Doc. 75.
[15] *See* Rec. Doc. 99 at 14–22 (referencing two-prong analysis established in *Chandris v. Latsis*, 515 U.S. 347 (1995)).

contributed to the function of the Ensco 87.[16] The Court then concluded that it was unable to rule on the second prong of *Chandris*, because genuine issues of material fact existed as to: 1) whether Desmore worked on an identifiable group of vessels subject to common ownership or control; 2) whether the duration of Desmore's service on those vessels was significant in relation to the total amount of services performed by Desmore; and 3) whether Desmore had a connection to the Ensco 87 that was substantial in nature.[17] As such, the Court denied both BHOOI's and Plaintiff's motions for summary judgment, because factual disputes exist that prevent the Court from determining whether or not Desmore is a Jones Act seaman.[18]

After BHOOI's and Plaintiff's cross-motions for summary judgment had gone under submission, but before the Court ruled on the motions, Ensco filed a motion for summary judgment on November 11, 2016.[19] On December 2, 2015, Plaintiffs filed their opposition to Ensco's motion.[20]

## II. Parties' Arguments

### A.   *Ensco's Arguments in Support of its "Motion for Summary Judgment"*[21]

Ensco puts forward two central arguments in support of summary judgment.[22] The first argument depends upon the Jones Act not applying to this case, while the second argument assumes for the sake of argument that the Jones Act does apply.[23] Starting from the premise that Desmore is not a Jones Act seaman, Ensco argues that Plaintiffs' only possible claim against Ensco would be for vessel negligence under the Longshore and Harborworkers Compensation Act"

---

[16] *See id.* at 16.
[17] *See id.*
[18] *See id.* at 22–23.
[19] Rec. Doc. 90.
[20] Rec. Doc. 95.
[21] Rec. Doc. 90.
[22] *See* Rec. Doc. 90-2.
[23] *See id.*

3

("LHWCA").[24] *See* 33 U.S.C. § 905(b). Ensco argues that there are no facts in the record indicating that Ensco or its employees in any way breached a duty of care owed to Desmore, meaning Plaintiffs cannot support a negligence claim.[25] Ensco contends that, during a deposition, Desmore himself conceded that Ensco had nothing to do with Desmore's injury other than operating the drilling rig on which Desmore was injured.[26] Ensco contends that Desmore's injury was the result of a hidden defect in equipment that was not under the control of Ensco and that there was no "obvious hazard" on the Ensco 87 giving rise to any duty owed by Ensco.[27]

Even if Desmore is a Jones Act seaman, Ensco contends that the record does not support a finding that the Ensco 87 was unseaworthy, because the wire that injured Desmore was not "the type of gear regularly or traditionally found on ships as a regular piece of ship's gear."[28] Ensco argues it therefore cannot be liable under the Jones Act.[29]

### B.   *Plaintiff's Arguments in Opposition to Ensco's "Motion for Summary Judgment"*[30]

Plaintiffs contend that Desmore is a Jones Act seaman and that, under the Jones Act and applicable Fifth Circuit law, the Ensco 87 was unseaworthy.[31] This is because the duty to ensure seaworthiness extends not only to equipment belonging to the vessel owner, but also to "all kinds of equipment" brought aboard by others.[32] Plaintiffs contend that the record supports that Ensco failed to properly train its employees to handle Desmore's emergency and that the Ensco 87 did not have the proper equipment readily available to free Desmore from his trapped position.[33]

---

[24] *See id.* at 2.
[25] *See id.* at 2, 5–7.
[26] *See id.*
[27] *See id.* at 8–11.
[28] *Id.* at 7 (internal quotation omitted).
[29] *See id.* at 7–8.
[30] Rec. Doc. 95.
[31] *See* Rec. Doc. 95 at 2–4.
[32] *See id.* at 4.
[33] *See* Rec. Doc. 95 at 2.

Plaintiffs argues that the extent to which these failures played a substantial role in causing Desmore's permanent injuries is a factual issue not appropriately decided on summary judgment.[34] Plaintiffs also contend that Ensco's motion is premature given that Ensco makes reference to the statements of a likely witness whom Plaintiffs have not yet had the opportunity to depose.[35] Plaintiffs do not apparently address the merits of Ensco's argument that Plaintiffs cannot state a claim under the LHWCA in the case that the Jones Act does not apply in this case.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and any affidavits demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[37] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[38] If the record could not lead a rational trier of fact to find in favor of the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[39] The nonmoving party may not rest upon the pleadings, and instead must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[40]

---

[34] *See* Rec. Doc. 95 at 4.
[35] *See* Rec. Doc. 95 at 5.
[36] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[37] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[38] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d 1075.
[39] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).
[40] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party moving for summary judgment always bears the initial responsibility of informing the Court of the grounds for its motion and identifying what in the record demonstrates the absence of a genuine issue of material fact.[41] As such, the moving party should "identify specific evidence in the record, and articulate" precisely how the evidence supports the motion.[42] The party opposing summary judgment may rebut by showing that there is a genuine issue for trial by presenting evidence of specific facts.[43] A nonmovant cannot demonstrate a genuine issue of material fact exists merely by creating "some metaphysical doubt as to the material facts," by "unsubstantiated assertions," "by conclusory allegations," or "by only a scintilla of evidence."[44] Instead, the nonmovant must present evidence that would be sufficient for a reasonable trier of fact to find for the nonmoving party. Unsworn documents and hearsay evidence that would not be admissible as evidence at trial cannot be used as competent opposing evidence.[45]

## IV. Law and Analysis

*A. Applicable Law*

Ensco argues that summary judgment is warranted whether or not Desmore is a Jones Act seaman. Previously, this Court has determined that genuine disputes of material fact preclude the Court from determining whether or not Desmore is a Jones Act seaman. This means that, in order for Ensco to prevail on its motion for summary judgment and be dismissed from this case, Ensco must establish both that it cannot be held liable in the case the Jones Act does apply and that it cannot be held liable in the case that the Jones Act does not apply. The Court addresses Ensco's arguments under both scenarios in turn.

---

[41] *Celotex*, 477 U.S. at 323.
[42] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).
[43] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[44] *Little*, 37 F.3d at 1075.
[45] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987; *see also* FED. R. CIV. P. 56(c)(2).

B.     *Analysis*

**1. Summary Judgment for Ensco in the Case that the Jones Act Applies**

In the case that the Jones Act does apply, Ensco as the owner of the Ensco 87 "has a duty to provide a vessel that is reasonably fit for its intended use."[46] "This duty to provide a seaworthy vessel requires that the vessel, its gear, appurtenances, and operation must be reasonably safe."[47] In the case a seaman is injured as the result of a vessel's unseaworthy appurtenant equipment and appliances, it is well settled that the vessel owner may be liable to indemnity the injured seaman.[48]

Here, Ensco contends that the allegedly defective clamp, wireline, and other equipment that injured Desmore do not count as appurtenances of the Ensco 87, because BHOOI, not Ensco, brought the equipment aboard the Ensco 87, operated the equipment, and then removed the equipment after it completed its job aboard the Ensco 87.[49] The Fifth Circuit has supplied, and courts within this District have consistently employed, a factor-based analysis for determining what constitutes a vessel's appurtenances.[50] Following guidance supplied by Fifth Circuit in *Drachenberg*, courts assess two factors in making the determination of whether or not the given equipment was sufficiently attached to the vessel to constitute an appurtenance. First, courts ask whether or not the equipment is "utilized in a manner fundamentally related to traditional maritime activities."[51] For this factor, courts look to whether the equipment "was a critical component

---

[46] *See Drachenberg v. Canal Barge Co., Inc.*, 571 F.2d 912, 918 (5th Cir. 1978).
[47] *Id.*
[48] *See id.*
[49] *See* Rec. Doc. 90-1 at 7–8.
[50] *See Drachenberg*, 571 F.2d at 920; *see also Clay v. ENSCO Offshore Company*, Civ. A. No. 14-2508, 2015 WL 7306436 (E.D.La. Nov. 19, 2015) (Fallon, J.); *see also Young v. Intermoor, Inc.*, Civ. A. No. 08-1972, 2010 WL 1731165 (E.D.La. Apr. 28, 2010) (Africk, J.); *see also Brown v. Cenac Towing Co., Inc.*, Civ. A. No. 09-105, 2010 WL 2559079 (E.D.La. Jun. 24, 2010) (Berrigan, J.).
[51] *Id.*

7

integrally related to the vessel's function."[52] Second, courts look to whether or not the injury occurred on board the vessel, as opposed to dockside.[53]

Not pertinent to the *Drachenberg* analysis is whether the equipment in question was permanently attached to the vessel or under the control of some party other than the vessel owner.[54] Indeed, equipment can be appurtenant to a vessel even where it was "brought aboard by a contractor and the vessel did not sanction its use or know of its existence.[55] Rather than focusing the appurtenance analysis on ownership or control, courts instead focus on whether the equipment in question was "used to perpetuate the mission and purpose of the vessel."[56]

In *Young v. Intermoor*, plaintiff was an employee of a contractor brought aboard a vessel to handle anchoring in connection with moving an off-shore oil rig.[57] With no employees of the defendant vessel owner present, the plaintiff was injured while attempting to untangle anchor wire being used by the contractor.[58] Looking to the *Drachenberg* factors, the court in *Young* found the wire to be an appurtenance of the vessel, noting the anchor wire was essential to the vessel's function of moving an off-shore oil rig and that the injury occurred onboard the vessel.[59]

In this case, the equipment involved in Desmore's injury was appurtenant to the Ensco 87. Even though the equipment was controlled by BHOOI and was only on board temporarily, both *Drachenberg* factors support the conclusion that the side entry sub clamp and wireline were appurtenances. First, the wireline services being provided by BHOOI perpetuated the mission and

---

[52] *Id.*
[53] *Id.*
[54] *See Drachenberg*, 571 F.2d at 920.
[55] *See Clay*, Civ. A. No. 14-2508, 2015 WL 7306436 at *3 (citing *Deffes v. Fed. Barge Lines, Inc.*, 361 F.2d 422, 426 (5th Cir. 1966).
[56] *See id.* (citing *Matter of Antill Pipeline Const. Co., Inc.*, Civ. A. No. 97-0578, 1998 WL 321512 at *3 (E.D. La. 17, 1998) (Clement, J.)).
[57] *See* Civ. A. No. 08-1972, 2010 WL 1731165 at *1.
[58] *See id.*
[59] *See id.* at *3.

purpose of the Ensco 87's drilling operations. The Court has previously reached the conclusion that Desmore's work contributed to the function of the Ensco 87, albeit in the context of determining whether or not the Jones Act applies.[60] Furthermore and looking to past decisions such as *Young*, it is clear that the equipment in question was being used to further the Ensco 87's drilling activities. As for the second *Drachenberg* factor, there is no dispute that Desmore's injury occurred aboard the Ensco 87. As such, the Court cannot grant summary judgment for Ensco based on the argument that the equipment that injured Desmore was not part of the Ensco's appurtenant appliances and equipment.

### 2. Summary Judgment for Ensco in the Case that the Jones Act Does Not Apply

In the case the Jones Act does not apply to this case, Ensco argues that Plaintiffs cannot support a claim against Ensco for vessel negligence under the LHWCA. Because the LHWCA would provide Plaintiffs their exclusive remedy if the Jones Act does not apply, Ensco argues that summary judgment for Ensco is warranted. Plaintiffs' opposition to Ensco's motion for summary judgment focused on the merits of Ensco's arguments directed to the scenario that Desmore is a Jones Act seaman and did not address the merits of Ensco's arguments directed to the scenario that the Jones Act does not apply.

Through the provisions of 33 U.S.C. § 905(b), Congress "replaced the unseasworthiness cause of action against a vessel with liability based on negligence" for LHWCA claims against shipowners.[61] Under the LHWCA, "a vessel owner owes a duty to exercise reasonable care to make the vessel safe if he actively participates in the operations or maintains control over the area, or if such a duty is imposed upon him by contract or law."[62] That duty does not, however, require

---

[60] *See* Rec. Doc. 99 at 14–16.
[61] *See Levene v. Pintail Enterprises, Inc.*, 943 F.2d 528, 533 (5th Cir. 1991).
[62] *See McLaurin v. Noble Drilling (US) Inc.*, 529 F.3d 285, 291 (5th Cir. 2008).

a vessel owner to "protect against any and all hazards a longshoreman might encounter in the course of his work." *Id.*

Instead, the Supreme Court has identified three specific instances where a vessel negligence claim under the LHWCA may stand.[63] First, where a vessel owner, on turning over the ship, failed to warn of any hidden defects on the vessel of which the vessel owner should have known.[64] Second, where an injury is caused by hazards under the control of the ship.[65] And third, where a vessel owner does not intervene after actually becoming aware of an unreasonable risk of harm created by the vessel or its equipment *and* becoming aware that the employer of the LHWCA plaintiff was not exercising reasonable care to protect its workers.[66] The Fifth Circuit has ruled that a vessel negligence claim can stand only where a vessel owner breaches one of these three duties.[67]

Despite plaintiff's failure to address Ensco's arguments regarding LHWCA liability and despite the narrow range of vessel-owner conduct that can give rise to a vessel negligence claim under the LHWCA, the Court is hesitant to conclude that Ensco has sufficiently established that it cannot be liable to Plaintiffs under the LHWCA should it be determined that Desmore is not a Jones Act seaman. Ensco's memorandum in support of summary judgment does not clearly enough demonstrate how the facts of this case fit into the applicable LHWCA standards, nor does it discuss whether there are factually analogous cases supporting (or conflicting with) the conclusion that Ensco cannot be liable under the LHWCA.[68] Without the benefit of adequate briefing from either

---

[63] *See Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981).
[64] *See Levene*, 943 F.2d at 533; *see also Hudson v. Schlumberger Tech. Corp.*, 452 Fed. Appx. 528, 534 (5th Cir. 2011).
[65] *See id.*
[66] *See id.*
[67] *See id.*
[68] *See* Rec. Doc. 90-2 at 11. After almost three pages of recited LHWCA legal standards, Ensco's memorandum contains just a single, five-sentence, paragraph applying the facts of this case to those standards.

party, and because the Court has other grounds on which to deny Ensco's motion for summary judgment, the Court leaves resolution of the LHWCA vessel negligence issue to a later date, if necessary.

### V. Conclusion

To have prevailed on its motion for summary judgment, and in light of the Court's previous ruling that genuine issues of material fact preclude the Court from deciding whether or not the Jones Act applies, Ensco had to establish that it could not be liable to Plaintiffs both in the scenario that the Jones Act does apply to this case and in the scenario that the Jones Act does not apply. Ensco's argument for summary judgment in the case the Jones Act does apply depended on the Court finding that the equipment that injured Desmore was not appurtenant to the Ensco 87. Because the Court has found that the equipment that injured Desmore was appurtenant to the Ensco 87 and because the Court finds that the parties have inadequately briefed the issue of LHWCA vessel negligence liability in the case Desmore is not a Jones Act seaman, the Court denies Ensco's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ensco Offshore Company's "Motion for Summary Judgment"[69] is DENIED.

**NEW ORLEANS, LOUISIANA,** this  8th  day of February, 2016.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                    **UNITED STATES DISTRICT JUDGE**

---

[69] Rec. Doc. 90.